MANNING, Respondent, v. WEST et al., Appellants. (City Court of New York, General Term. November 30, 1896.) Action by James S. Manning against Charles G. West and others. Cantor & Van. Schaick, for appellants. Henry Pressprich, for respondent.

CONLAN, J. This is an appeal from a judgment entered upon a verdict of the jury at a trial term against the defendants, and in favor of the plaintiff, and from an order denying a motion for a new trial. The action is brought to recover the purchase price of a gas engine claimed to have been sold by the plaintiff to the defendants, and put up in their buildings on the corner of Martin and Washington streets, in the city of New York, in the year 1894. There is a conflict as to what was the price contracted for. The plaintiff contended that he was called upon to furnish an eight horse power Otto gas engine, with the necessary gas pipes and fittings, in complete running order, ready for the belting, for the sum of $850, workmanship and materials guarantied for one year, with the customary good usage on the user's part. The defendants contended that they were to be furnished with an engine of the kind described, capable of lifting 8,000 pounds 26 feet in 1 minute, and that the engine delivered did not come up to these requirements. The contract contended for by the plaintiff is in the form of some letters sent to the defendants, and which, it is proper to state, did not make mention of the lifting power or speed of the engine called for. The question as to what was the contract between the parties was one of the questions submitted to the jury under the charge of the trial justice, and we are to assume that the defendants were satisfied with this disposition of the matter, for no exception was taken to the charge in that respect. The only other question in the case was whether the work was done in a workmanlike manner, and there was likewise a conflict of evidence on this question. We are not called upon to say, at least in this case, whether or not there was a preponderance of evidence on the part of either party to the contest, and there was no request made to take the case from the consideration of the jury, and no motion made to dismiss because of the want of sufficient evidence to send the case to the jury, and no exception taken by the defendants to the very fair charge of the trial judge. We have examined the whole case with care, and are not prepared to say that the exclusion of any evidence upon the plaintiff's objections was at all prejudicial to the defendants, and with the finding of the jury upon all the questions submitted we are disposed to agree there was a conflict of evidence, and it was the exclusive province of the jury to determine that conflict. They have determined it, and, it appears, adverse to the defendants. With that disposition of the matter we are not disposed to interfere, and the judgment and order appealed from are hereby

affirmed, with costs. Judgment and order appealed from affirmed, with costs.

MARLEY, Respondent, v. CITY OF CO-HOES, Appellant. (Supreme Court, Appellate Division, Third Department. January 12, 1897.) Action by Kate Marley against the city of Cohoes. No opinion. Judgment and order affirmed, with costs.

MECHANICS' & TRADERS' BANK v. STAHL et al. (Supreme Court, Appellate Division, First Department. December 22, 1896.) Action by the Mechanics' & Traders' Bank against Abraham M. Stahl and others. No opinion. Motion granted, with $10 costs.

MEYER, Respondent, v. LEE et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. December 16, 1896.) Action by Joseph Meyer against George A. Lee and Margaret J. Thompson. No opinion. Judgment and order affirmed, with costs.

MORRISON, Appellant, v. MORRISON et al., Respondents. (Supreme Court, Appellate Division, Second Department. December 30, 1896.) Action by Henry Morrison against Joseph Morrison and Eliza Morrison. No opinion. Judgment affirmed, with costs, on the authority of Carroll v. Collins, 6 App. Div. 106, 40 N. Y. Supp. 54.